## FIELDS *v.* ARGO.

Where the relation of landlord and cropper exists, there is no lien on the
crop in favor of the landlord for supplies furnished to the cropper.

Argued December 16, 1897. — Decided January 22, 1898.

Foreclosure of lien — certiorari.    Before F. A. Quillian, judge
pro hac vice.    DeKalb superior court.    February term, 1897.

*George W. Gleaton,* for plaintiff in error.
*John L. Travis,* contra.

COBB, J.    Argo filed in the justice's court an affidavit to
foreclose a landlord's special lien against Fields for supplies
which Argo claimed to have furnished him for the purpose of
making a crop.    To the execution issued upon this affidavit,
the defendant interposed a counter-affidavit denying any in-
debtedness to the plaintiff.    The case was tried before a jury,
and a verdict was rendered in the plaintiff's favor.    From the
evidence it clearly appears that there was no relation of land-
lord and tenant existing between the plaintiff and the defend-
ant, but that the relation that they bore to each other was that
of landlord and cropper.    The defendant applied to the supe-
rior court for a writ of certiorari, alleging in his petition that
the verdict and judgment in the justice's court were erroneous,
because there was no evidence showing the relation of land-
lord and tenant between the parties to the case.    Upon the
hearing of the case the certiorari was dismissed.    The defend-
ant excepted, and assigns as error the refusal of the court to
sustain his petition for certiorari.

It is indispensable to the establishment of a lien in favor of
a landlord for supplies furnished, to show that the relation of
landlord and tenant existed.    Civil Code, §§ 2800, 3126.    When-
ever the relation of landlord and tenant exists, the title to the
crop raised upon the land rented is in the tenant, and this is
absolutely essential to the existence of a lien, because if the
title to the crop be in the landlord, no lien can arise in his
favor upon his own property.    Whenever the relation of land-
lord and cropper exists the title to the crop is in the landlord,
and therefore no lien can arise in his favor for supplies fur-

nished to his cropper. Civil Code, §§ 3129, 3130, 3131. He has a right to assert this title in order to protect himself for all supplies furnished to his cropper; but he can not assert it by the foreclosure of a lien which does not arise from this relation, but only arises from the relation of landlord and tenant. The evidence showing conclusively that the relation existing between the parties was that of landlord and cropper, the verdict and judgment in the plaintiff's favor in the justice's court was erroneous, and the court erred in refusing to sustain the certiorari.     *Judgment reversed. All the Justices concurring.*